IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-02423-PAB-NRN

IVETTE VERONICA FAVELA ROBLES,

Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant.

---

**ORDER**

---

This removed insurance case comes before the Court on plaintiff's Opposed Motion to Remand [Docket No. 14]. Defendant responded. Docket No. 17. Plaintiff replied. Docket No. 18.

## I. BACKGROUND

On February 16, 2024, plaintiff's vehicle was struck by a vehicle driven by Marcos A. Gonzales. Docket No. 6 at 2, ¶¶ 7, 11. On November 3, 2025, plaintiff filed suit in the District Court of the Second Judicial District in and for the District of Denver County (the "State Court") against Mr. Gonzales and State Farm Mutual Automobile Insurance Company ("State Farm"), plaintiff's insurance provider. *See generally id.* Against defendant Gonzales, plaintiff brought claims for negligence and negligence per se. *See id.* at 3-5, ¶¶ 28-53. Against defendant State Farm, plaintiff brought claims for breach of contract, common law bad faith, and statutory bad faith. *See id.* at 5-7, ¶¶ 54-71.

The case proceeded in State Court with plaintiff and defendant State Farm exchanging discovery and scheduling mediation. *See* Docket No. 14 at 2-3, ¶¶ 5-13. The State Court scheduled trial for November 9, 2026. *See id.* at 2, ¶ 4.

At some point, plaintiff settled her claims with defendant Gonzales and those parties filed a stipulation dismissing Gonzales with prejudice on May 13, 2026. Docket No. 17 at 2, ¶ 6. On May 20, 2026, the State Court granted the stipulation and dismissed defendant Gonzales from the case. *Id.* ¶ 7.

On June 1, 2026, State Farm, now the sole defendant, removed the case to federal court. *See generally* Docket No. 1. The notice of removal alleged that plaintiff is a Colorado citizen and that defendant is an Illinois citizen, with its principal place of business and state of incorporation being Illinois. *Id.* at 2-3, ¶¶ 7-9. State Farm further alleged that the amount in controversy exceeds $75,000 since plaintiff's civil cover sheet stated that she was seeking a monetary judgment of more than $100,000. *Id.* at 3, ¶ 10.

On June 5, 2026, plaintiff filed the motion for remand. *See generally* Docket No. 14. Plaintiff makes two arguments in favor of remanding this case to State Court. First, plaintiff argues that State Farm's notice of removal—coming over seven months into litigation—was "[u]ntimely and [p]rejudicial" since defendant "missed the 30-day clock for removal to Federal Court," defendant "waived [its] right to remove through continued participation in [Denver County] District Court," and removal would postpone trial "for another year or later." *Id.* at 3-4, ¶¶ 17-22. Plaintiff also argues that "[t]he present action is not between citizens of different states" because Colorado's uninsured motorist ("UIM") statute, Colo. Rev. Stat. § 10-4-609, "places the UIM insured in the same

position as if the underinsured tortfeasor had sufficient liability coverage" and thus "the insurer essentially absorbs the tortfeasor's identity." *Id.* at 5-7*, ¶¶ 28, 33*. Thus, because the tortfeasor, Mr. Gonzales, is a resident of Colorado, plaintiff argues that "Defendant State Farm Insurance should also be considered a resident of the State of Colorado as it relates to the cause of action of underinsured motorist coverage." *Id.* at 7, ¶ 33. In response, State Farm argues that the Court has original jurisdiction over the action, that removal was timely, and that the Court should award State Farm fees and costs that it incurred responding to plaintiff's "unsupported and frivolous" motion. *See generally* Docket No. 17.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Pursuant to 28 U.S.C. § 1441(a), a civil action filed in state court is removable only if the plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a); *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (Removal is appropriate "if, but only if, federal subject-matter jurisdiction would exist over the claim." (internal quotation marks and citation omitted)). "This jurisdictional prerequisite to removal is an absolute, non-waivable requirement." *Cunningham v. BHP Petroleum Gr. Brit. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (citation omitted).

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted). As the party invoking federal jurisdiction, defendant bears the burden of establishing jurisdiction. *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1273 (10th Cir. 2019).

## III. ANALYSIS

The Court will address plaintiff's argument regarding complete diversity first. A defendant may remove any civil action brought in a state court of which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction in all civil actions between citizens of different states where the amount in controversy exceeds $75,000.[1] 28 U.S.C. § 1332(a)(1). Natural persons are citizens of the state where they are domiciled. *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). In the usual case, corporations are citizens of every state where they are incorporated or have their principal place of business. 28 U.S.C. § 1332(c)(1). Plaintiff acknowledges that she is a citizen of Colorado, Docket No. 14 at 6, ¶ 31, and State Farm is a corporation incorporated in and with its principal place of business in Illinois. Docket No. 1 at 2-3, ¶ 9. Thus, there is complete diversity between the parties that remain.

To avoid that apparent outcome, plaintiff invokes what is known as the "direct action exception," *Powers v. Allstate Motor & Cas. Ins. Co.*, No. 10-cv-00997-WYD-KLM, 2010 WL 2270182, at *1 (D. Colo. June 7, 2010), whereby

> in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of . . . every State and foreign state of which the insured is a citizen.

28 U.S.C. § 1332(c)(1)(A). In general, "[t]he overwhelming weight of authority, including several cases from this District Court and the Tenth Circuit, hold[s] that actions by an

[1] Plaintiff's motion does not contest that the amount in controversy exceeds $75,000. *See generally* Docket No. 14; *see also* Docket No. 1-2 at 2 (civil case cover sheet filed by plaintiff representing that she is "seeking a monetary judgment against another party for more than $100,000.00").

insured against his or her own insurer are not direct actions within the meaning of § 1332(c)(1)." *Powers*, 2010 WL 2270182, at *2 (collecting cases); *see also Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 394 (4th Cir. 2018) ("[E]very circuit to have considered this issue has held that a 'direct action' in § 1332(c)(1) does not include an insured's suit against his or her own insurer for breach of the terms of the insurance policy or the insurer's own alleged tortious conduct."); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 847 (10th Cir. 1988) ("[T]his is clearly not a direct action since the [plaintiffs] are not seeking to impose liability on [defendant] for the negligence of any party insured by [defendant]."). Instead, the "direct action exception" is meant to "restrict federal diversity jurisdiction in situations where state law authorizes a direct tort action *by a third-party*, injured by an insured tortfeasor, against the insured's insurance company and the insured is not a party." *Powers*, 2010 WL 2270182, at *2 (emphasis added) (citing *Fleming v. Allstate Ins. Co.*, 709 F. Supp. 216, 217 (D. Colo. 1989)).

Whereas § 1332(c)(1)(A) contemplates the insurer adopting the citizenship of the *insured*, plaintiff adds a further wrinkle: she argues that in a UIM action, as she brings here, "the insurer's procedural role is defined by its ability to assert the liability and damage limitations that would have been available to the *tortfeasor*" such that "the insurer essentially absorbs the tortfeasor's identity," thus rendering the insurance company "a resident of the state of residence of the tortfeasor."[2] Docket No. 14 at 6-7, ¶ 33 (emphasis added). In particular, plaintiff argues that Colorado's UIM statute, Colo.

[2] Despite the fact that residency is not the equivalent of citizenship for purposes of diversity jurisdiction, *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972), the Court construes plaintiff's motion to argue that State Farm should be deemed to be a *citizen* of the same state as the tortfeasor.

Rev. Stat. § 10-4-609, determines State Farm's citizenship for purposes of diversity jurisdiction because "[t]he Colorado Court of Appeals has explicitly recognized that . . . C.R.S. [§] 10-4-609 contemplates coverage which places the UIM insured in the same position as if the underinsured tortfeasor had sufficient liability coverage," thus "permit[ting] the insurer to step into the proceedings . . . in the same way as the tortfeasor." *See id.*

Nothing, however, in § 10-4-609 discusses the insurer assuming the citizenship of the tortfeasor and plaintiff cites no cases that support such a proposition. *Thurman v. State Farm Mut. Auto. Ins. Co.*, 942 P.2d 1327, 1330 (Colo. App. 1997), held that an injured insured cannot recover fees and costs litigating suit against a third-party tortfeasor from a UIM insurance provider, and *Parsons ex. rel. Parsons v. Allstate Ins. Co.*, 165 P.3d 809, 819 (Colo. App. 2006), rejected an argument that evidence of the conduct of the insurer's attorney should have been admitted in a case against the insurer for bad faith breach of contract. Neither case stands for the proposition that the UIM insurer stands in the shoes of the tortfeasor for any purpose, much less for purposes of determining the insurer's citizenship.

Plaintiff also argues that defendant's notice of removal was "[u]ntimely and [p]rejudicial." Docket No. 14 at 3-4, ¶¶ 17-22. When a diverse defendant is unable to remove a case from state court because a federal district court lacks original jurisdiction at the time the case was filed, but subsequent events give the federal court jurisdiction, that defendant may remove within 30 days of receipt of service of the document "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The only exception to this rule is when the case

began more than one year prior to removal. *Id.* § 1446(c)(1). The removal statute does not identify prejudice against the non-removing party as a bar to removal.

Here, the case became removable when the State Court granted the stipulation dismissing defendant Gonzales on May 20, 2026. *See* Docket No. 17 at 2, ¶ 7. Plaintiff had filed the case less than seven months prior. Docket No. 6 at 1. Accordingly, State Farm had until June 22, 2026 to remove the action, making its June 1, 2026 removal timely. Plaintiff's arguments that defendant "missed the 30-day clock for removal" based on service of the complaint on October 28, 2025, and that defendant "waived their right to remove through continued participation in [Denver County] District Court," *see* Docket No. 14 at 4, ¶¶ 20-22, are without citation and meritless. Title 28 U.S.C. § 1446(b)(3) governs actions not removable at filing that subsequently become so. Plaintiff's arguments as to prejudice, *see id.* at 3-4, ¶¶ 17-19, are irrelevant.

Finally, the Court addresses defendant's request for fees and costs associated with responding to plaintiff's motion. Defendant's request is contrary to two local rules of the Court. Local Rule 7.1(d) states that "[a] motion shall not be included in a response or reply to the original motion," but instead "shall be filed as a separate document." D.C.COLO.LCivR 7.1(d). Additionally, Local Rule 54.3 requires that any "motion" for attorney's fees be supported by an affidavit. D.C.COLO.LCivR 54.3(a). Not only did defendant improperly include a motion in a response, in violation of Local Rule 7.1(d), but defendant provided no affidavit, in violation of Local Rule 54.3.

Even if the Court considered defendant's argument, it would deny the request. Defendant argues that fees are warranted because plaintiff's arguments "have been rejected by every circuit to have considered the issue" and because "many of the cases

the Plaintiff relies upon in support of her Motion are either not applicable or misstate the law." Docket No. 17 at 8-9. Plaintiff responds by arguing that "advancing a colorable textual argument regarding a jurisdictional statute is neither frivolous nor sanctionable." Docket No. 18 at 2.

Federal district courts have the inherent power to assess attorney's fees. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46 (1991); *see also Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1258 (10th Cir. 2015) (recognizing that those powers extend beyond statutory bases for imposing sanctions). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44. The Court will exercise its discretion here to deny defendant's request. While plaintiff's arguments as to timeliness, prejudice, and waiver, *see* Docket No. 14 at 3-4, ¶¶ 17-22, were plainly meritless, her argument regarding the impact of Colo. Rev. Stat. § 10-4-609, *see id.* at 4-7, ¶¶ 23-34, has not been, to the Court's understanding, squarely foreclosed by Tenth Circuit precedent. While a plaintiff cannot "shield" herself from sanctions by relying on "one or more meritorious" arguments amidst frivolous ones, *United States v. Akers*, 76 F.4th 982, 991-92 (10th Cir. 2023), the Court finds that fees and costs are unnecessary as plaintiff's motion neither onerously multiplied nor delayed the proceedings.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that plaintiff's Opposed Motion to Remand [Docket No. 14] is **DENIED**.

DATED November 4, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge